IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOMINIQUE BROWN,

    *Plaintiff*,

v.                                            No. 1:21-cv-880-SB

EASTSIDE CHARTER SCHOOL OF
WILMINGTON, INC.,

    *Defendant*.

**MEMORANDUM OPINION**

September 6, 2022

Before suing under Title VII, a plaintiff must allege that she has presented her claims to the Equal Employment Opportunity Commission. Dominique Brown fails to do so. Thus, I will dismiss her complaint without prejudice.

## I. BACKGROUND

For three years, Brown worked as a dean at Eastside Charter School. 1st Am. Compl., D.I. 7 at ¶¶ 6–7. She says that during this time, she was harassed and discriminated against because of her sex. *Id.* at ¶ 11. And when she complained about this treatment, the school fired her. *Id.* at ¶ 7. She now sues Eastside, alleging federal and state employment-law violations. *Id.* at ¶¶ 20–27.

Eastside has moved to dismiss Brown's complaint. D.I. 8. It points out that Brown failed to allege that she had exhausted her administrative remedies. D.I. 9 at 4–7.

Alternatively, it asks Brown to provide a more definite statement under Rule 12(e). *Id.* at 7–11.

## II. BROWN FAILED TO PLEAD EXHAUSTION

When evaluating a motion to dismiss, I decide whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Title VII of the Civil Rights Act of 1964 requires plaintiffs to "first file a charge with the Equal Employment Opportunity Commission." *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1846 (2019) (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1)). Brown admits that she failed to allege having done so. Resp. to MTD, D.I. 11-1 at 2. She provides documents showing that she has in fact exhausted her remedies before the Commission and asks me to let her amend her complaint. Resp. to MTD, Ex. A, D.I. 11-2; D.I. 11-1 at 2.

Eastside says I should dismiss with prejudice. Reply, D.I. 12 at 1–2. Generally, leave to amend should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2). Eastside has not suggested that Brown has purposely delayed or acted in bad faith, or that granting her leave to amend would unduly prejudice it. *See Foman*, 371 U.S. at 182 (listing considerations for requests to amend a complaint). So I will dismiss Brown's Title VII claims without prejudice.

In addition to her Title VII claims, Brown alleges that Eastside violated the Delaware Discrimination in Employment Act. But this statute also has an exhaustion

2

requirement. *See* Del. Code Ann. tit. 19, § 714(a). And here too, Brown has failed to allege exhaustion. So I also dismiss Brown's state-law claims without prejudice.

## II. A MORE DEFINITE STATEMENT IS NOT NEEDED

Eastside has alternatively moved for a more definite statement under Rule 12(e). Because I am dismissing the complaint for the reasons stated above, I must deny Eastside's Rule 12(e) motion as moot. But to avoid needless future litigation, I note here that if it were not moot, I would deny the motion on the merits.

I should grant a Rule 12(e) motion only in the "rare case" where a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 797–98 (3d Cir. 1967) (internal quotation marks omitted). These motions are "highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings." *Miller v. Heil Co.*, 525 F. Supp. 3d 612, 616 (W.D. Pa. 2021) (internal quotation marks omitted).

Eastside says that Brown's complaint is vague and ambiguous because the precise basis for her claims is unclear. To Eastside, Brown may be alleging sex discrimination, sexual harassment, retaliation, or a hostile work environment. D.I. 9 at 9. But in making this argument, Eastside has identified Brown's claims (Title VII and state-law employment violations) and possible theories. Her complaint is thus specific and clear enough for Eastside to determine her claims and the grounds on which they rest. It is not so "vague or ambiguous that [Eastside] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

3

Brown's complaint could certainly be more precise. Since she has leave to amend, she may want to consider dividing her various theories (harassment, retaliation, etc.) into separate counts and listing in each the factual allegations that meet the elements of her claims. But if Eastside believes that Brown's complaint "is so sketchy that it cannot be construed to show a right to relief, the proper attack is by a motion under Rule 12(b)(6) rather than Rule 12(e)." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. 2022).

Because I have dismissed Brown's complaint, I cannot deny Eastside's Rule 12(e) motion on the merits. But if her complaint was still in place, a more definite statement would not be needed.

\* \* \* \* \*

Brown failed to allege in her complaint that she has met the exhaustion requirements of Title VII and the Delaware Discrimination in Employment Act. So I will dismiss her first amended complaint without prejudice, and she may file a second amended complaint by the date given in the order accompanying this opinion. And although Eastside's Rule 12(e) motion is without merit, I deny it as moot.